Webb *v.* Fritts.

## MARY JANE WEBB *v.* JACOB S. FRITTS.

COUNTY COURT. *Removal of Guardian.* The County Court has exclusive jurisdiction in the matter of appointing and removing guardians, and when, by its action, a guardian has been removed, and upon appeal to the Circuit Court said action is approved, this court will presume that the action of the County Court was lawful and right, in the absence of evidence to the contrary.

FROM MORGAN.

Appeal from the Circuit Court.    DAVID K. YOUNG, Judge.

No counsel marked.

SNEED, J., delivered the opinion of the court.

The county court in this State has exclusive juris-distion in the matter of appointing and removing guar-dians, and when, by its action, a guardian has been removed, and upon appeal to the circuit court said action is approved, this court will presume that the action of the county court was lawful and right, in the absence of evidence to the contrary.    In this case the ward, Mary Jane Webb, after notice to the de-fendant, her guardian, appeared before the County Court of Morgan county and moved that her said guardian, the defendant, be removed and another ap-pointed in his stead.    It appears that the notice of the motion was signed by the ward, Mary Jane, and notified defendant that at the April term following she would ask that he be discharged as her guardian. At the said April term the defendant appeared and the application was considered, whereupon the court, by an order, removed the defendant as guardian both of the applicant, Mary Jane, and her sister, "Hopey," the minor heirs of W. R. Webb, deceased, and an-other guardian was then and there appointed in the defendant's stead.    The defendant appealed to the cir-cuit court where, upon a hearing, the appeal was dis-missed, and defendant has appealed in error.    We have no evidence in the record that the county court has acted improperly in the removal of the defendant. It is the province of the defendant to put the court in the wrong by showing the error committed.    We have nothing but this order of his removal, and the·

presumption of law is that it was correct and regular. The fact that the other ward was embraced in the order and not in the notice, can avail the defendant nothing. He was present to resist the proceeding as to both. The county court is invested by the statute with very ample power on this subject, and, indeed, it ought to be so, since the justices are, in certain cases, held personally liable for the miscarriage of these important trusts. It is made their duty to inquire into the administration of guardianship, and, upon their own motion, and at their own discretion, they can summarily divest guardians of the trust when, in their judgment, it should be done. We are to presume that some grave and controlling reason existed for the action of the court in this case, and the record shows nothing to the contrary. *Ex parte Crutchfield,* 3 Yer., 336; Code, sec. 2321, and subsecs. on to 6 inclusive.

Affirm the judgment.